# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALIH BAJRAMI,<br>    *Plaintiff,*<br>  v.<br>RELIANCE STANDARD LIFE<br>INSURANCE CO.,<br>    *Defendants.* | CIVIL ACTION No. 18-cv-162 |

## MEMORANDUM OPINION

Rufe, J.                                  September 27, 2018

  Plaintiff Salih Bajrami initiated this civil action against Reliance Standard Life Insurance Company in the Philadelphia Court of Common Pleas. Reliance Standard removed the action to this Court on the basis of federal-question jurisdiction, under ERISA, and has moved to dismiss all counts of the Complaint as being preempted by the statute. Bajrami has moved to remand, asserting that the Court lacks subject matter jurisdiction, as he is not covered by ERISA as a foreign national working for a foreign company, and that Reliance Standard failed to promptly notify the state court of removal. For reasons set forth below, the Court will grant the motion to remand and dismiss as moot Defendant's motion.

## I.   BACKGROUND

  This case arises out of Reliance Standard's alleged wrongful acts in denying disability benefits to Plaintiff, Salih Bajrami. Bajrami is a citizen of the Republic of Kosovo who signed an annual contract to work for AECOM/GSS Ltd. ("AECOM"), a corporation based in the Cayman Islands.[1] To support United States military efforts in Afghanistan, AECOM assigned

---

[1] Compl. ¶¶ 1, 4–5.

Bajrami to work there as a driver of heavy trucks and forklifts.[2] During his employment with AECOM, Bajrami had the opportunity to participate in AECOM's group short-term and long-term disability (hereinafter, "STD" and "LTD") insurance policies, which were issued and administered by Reliance Standard Insurance Company.[3]

Reliance Standard is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania.[4] Reliance Standard's plan that was issued to Bajrami states: "This policy is delivered in Rhode Island and is governed by its laws and/or the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, where applicable."[5] Reliance Standard maintains disability plan records and administers benefits in the United States.[6] While Bajrami worked in Afghanistan, his claims for disability benefits were also reviewed in the United States and were communicated to Bajrami from the United States.[7] Bajrami, however, was solely employed in Afghanistan, and his actions related to the disability insurance occurred outside of the United States.[8]

Bajrami applied for, and was accepted as an insured under, the STD and LTD policies, and he paid those premiums.[9] Bajrami became disabled as the result of a stroke he suffered in 2014.[10] He received STD benefits until Reliance Standard informed him the benefits had been

---

[2] *Id.* ¶¶ 6, 7.

[3] *Id.* ¶ 7.

[4] *Id.* ¶ 2.

[5] *Id.* Ex. 1.

[6] Def.'s Mot. Dismiss, Ex. A. McGill Aff. ¶ 4 [Doc. No. 4-3].

[7] Def.'s Reply Supp. Mot. Dismiss, Ex. A. Ciampaglia Aff. ¶ 6 [Doc. No. 15-2].

[8] Compl. ¶ 14.

[9] *Id.* ¶ 13.

[10] *Id.* ¶ 23.

2

exhausted, and that he would have to apply for LTD benefits.[11] After he applied for LTD benefits, Reliance Standard denied his LTD claim, which, Bajrami alleges, would have enabled him to pay for a more timely treatment upon his discovery while abroad that he had a partially blocked carotid artery.[12]

Bajrami filed a complaint in the Philadelphia Court of Common Pleas against Reliance Standard, alleging a breach of contract claim for benefits and a bad faith claim under the laws of Rhode Island pursuant to a choice-of-law provision in the policy.

## II.  DISCUSSION

Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."[13] After removal, a plaintiff may file a motion to remand based on either "any defect" in removal procedure,[14] or lack of subject matter jurisdiction.[15]  "[T]he party asserting federal jurisdiction in

---

[11] *Id.* ¶¶ 24.

[12] *Id.* ¶¶ 24–25.

[13] 28 U.S.C. § 1441(a).

[14] Plaintiff argues that remand is warranted because Defendant failed to promptly file a copy of the notice of removal with the Philadelphia Court of Common Pleas. As part of the removal procedures, "[*p*]*romptly after* the filing of such notice of removal of a civil action the defendant . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal . . . ." 28 U.S.C. § 1446(d) (emphasis added).

Defendant filed notice of removal with the federal court on January 12, 2018, and then filed notice in state court twenty-eight days later, on February 9, 2018—the same day Plaintiff filed his motion to remand, which argued jurisdictional issues and a failure to file such notice. Cases have held that filing notice to the state court within one month after removal in federal court is deemed "prompt," as required by § 1446. *Ciglar v. Ruby Tuesday, Inc.*, No. 09-239, 2009 WL 737367, at *4 (E.D. Pa. Mar. 19, 2009) (delay of one month was "relatively short" and "harmless") (citing *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000)); *see also Boyce v. St. Paul Fire & Marine Ins. Co.*, No. 92-6525, 1993 WL 21210, at *3 (E.D. Pa. 1993) ("Failure to file a copy of the petition with the state court does not defeat jurisdiction.") (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545 (5th Cir. 1985)). Accordingly, remand is not warranted on this basis.

[15] 28 U.S.C. § 1447(c).

a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[16] The statutes are strictly construed against removal.[17]

In its notice of removal, Reliance Standard stated that ERISA grants the Court federal-question jurisdiction, pursuant to 28 U.S.C. § 1331. Ordinarily, a federal court does not have federal-question jurisdiction unless the plaintiff's well-pleaded complaint provides a cause of action arising under federal law.[18] The Supreme Court, however, has carved out an exception to this rule, which is applicable in the ERISA context: "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."[19] Thus, in other words, a plaintiff's cause of action may be considered federal in nature "if [the plaintiff], at some point in time, could have brought his claim under" the ERISA statute.[20]

The scope of ERISA's application is broad, as the statute pertains to "any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce."[21] A "participant"—defined as "any employee or former employer of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer"[22]—may bring a

---

[16] *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

[17] *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[18] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[19] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).

[20] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

[21] 29 U.S.C. § 1003(a)(1); *see also* 29 U.S.C. § 1002(1) (noting that an "employee welfare benefit plan" includes "any plan, fund, or program . . . established or maintained by an employer" for benefits that include disabilities). Disability policies with insurance companies that include classes of beneficiaries for STD and LTD benefits, the source of financing regarding premium payments by employees, and procedures for receiving benefits, reasonably establish a "plan, fund, or program" under ERISA. *See Arsdel v. Liberty Life Assurance Co. of Bos.*, 175 F. Supp. 3d 464, 478 (E.D. Pa. 2016).

[22] 29 U.S.C. § 1002(7).

4

civil action under ERISA to recover benefits due to him under the terms of the plan.[23]
Therefore, as an employee of AECOM, Bajrami would qualify as a participant if his employer
has engaged in commerce or in any industry or activity affecting commerce.[24]

Bajrami, however, argues that foreign nationals are excluded from coverage under the
doctrine of extraterritoriality, because "legislation of Congress, unless a contrary intent appears,
is meant to apply only within the territorial jurisdiction of the United States."[25] The Supreme
Court held in *ARAMCO* that a United States citizen working for a United States company in
Saudi Arabia could not bring a Title VII claim for discrimination against his employer in the
absence of language in the statute indicating that Congress intended the law to apply outside of
the country.[26] In response to the holding in *ARAMCO*, Congress amended Title VII in order to
give it extraterritorial reach over citizens of the United States working for a United States
company.[27]

It appears that no court of appeals has determined whether a foreign national working
outside of the United States can bring a claim under ERISA. Two district court cases—one of
which originates from this District—have examined the issue.[28] In *Maurais v. Snyder*,[29] a

---

[23] 29 U.S.C. § 1132(a)(1)(B).

[24] Commerce is defined as "trade, traffic, commerce, transportation, or communication between any State and any place outside thereof" and "industry or activity affecting commerce" regards "any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and includes any activity or industry 'affecting commerce' . . . ." 29 U.S.C. § 1002(11)–(12). Neither party has adequately or expressly defined AECOM's business in terms of whether it engages in commerce or any industry or activity affecting commerce in the United States. Bajrami's job for AECOM did not involve engaging in commerce, since he was driving heavy trucks and forklifts in Afghanistan, rather than providing any kind of transportation through, or within, the United States. Compl. ¶ 6.

[25] *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010) (quoting *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991) ("*ARAMCO*")).

[26] *ARAMCO*, 499 U.S. at 258–59.

[27] 42 U.S.C. §§ 2000e(f), 2000e–1(c).

[28] *Chong v. InFocus Corp.*, No. 08-500, 2008 WL 5205968 (D. Or. Oct. 24, 2008); *Maurais v. Snyder*, No. 00-2133, 2000 WL 1368024 (E.D. Pa. Sept. 14, 2000).

[29] *Maurais*, 2000 WL 1368024, at *2.

5

Canadian physician who provided medical services in Canada to a United States citizen filed a lawsuit in federal district court for unpaid surgical and medical services.[30] The United States citizen was a participant in a group health insurance plan issued to his employer by an insurance company.[31] The court held that because there was no language in ERISA that could establish a clearly expressed congressional intent to extend coverage outside of the United States, ERISA did not apply to claims for medical services performed in Canada on an American citizen by a Canadian doctor.[32]

In *Chong v. InFocus Corp.*, the plaintiff was a citizen of Singapore who worked for a United States company's subsidiary in Singapore, which provided him with a severance pay plan during his employment.[33] Although the disputed benefit plan was administered in the United States, where the decision to deny the plaintiff benefits was made, the court held that because most ERISA plans are administered in the United States,[34] that factor could not be determinative; otherwise, "the territorial borders, as well as the citizenship and location of the employees, would become irrelevant for those plans. That result would eviscerate the presumption against extraterritorial application."[35] Instead, the court looked to the place of employment and other events and facts relevant to the plaintiff's denial of benefits that occurred outside the United States, and held that in the absence of congressional intent, the plaintiff, as a foreign national working outside of the United States, was not covered by ERISA.[36]

---

[30] *Id.* at *1.

[31] *Id.*

[32] *Id.* at *3.

[33] *Chong*, 2008 WL 5205968 at *1–2.

[34] *Id.* at *4–5.

[35] *Id.* at *5.

[36] *Id.* at *4, 6.

The Court is persuaded by *Maurais* and *Chong* that ERISA does not apply to Bajrami's claims. The events that underlie the denial of benefits stem from his employment and health conditions abroad. Even though the plan is administered in the United States and the decision to deny the claim allegedly occurred domestically, as in *Chong*, whether the disability benefits plan was properly denied greatly depends on issues arising outside of the United States. Bajrami's employment was wholly within Afghanistan, his offer of disability insurance coverage was made in Afghanistan to be performed outside the territorial limits of the United States, and his physical examinations and medical diagnoses were conducted abroad.[37]

Reliance Standard argues that neither *Maurais* nor *Chong* fully addresses ERISA's foreign plan exemption.[38] This exemption to ERISA's broad application provides that benefit plans which are "maintained outside of the United States primarily for the benefit of persons substantially all of whom are nonresident aliens" are excluded from the statute.[39] Reliance Standard argues this exemption supports why foreign nationals are permitted to bring claims under ERISA. The exemption could be construed as not limiting the application of ERISA solely to United States citizens or workers within the United States,[40] but it also could be directed, for example, toward a foreign plan that includes a few American citizens working abroad.

There is no language within the exemption providing that foreign nationals can bring claims under ERISA. The exemption concerns the plan itself, not who may bring suit.

---

[37] Compl. ¶¶ 14, 19, 23, 26, 36, 58, 59.

[38] 29 U.S.C. § 1003(b)(4).

[39] *Id.*

[40] *See Chong*, 2008 WL 5205968 at *3 (noting that "[n]o language in [ERISA's] provisions specifically excludes foreign nationals working abroad for United States companies" from asserting a claim as a participant).

Moreover, there is no evidence in this case as to whether AECOM is an employer engaged in commerce in the United States, as required for the statute to apply at all.[41]

Congress is cognizant of its ability to legislate extraterritorially by clearly manifesting its intent to do so. Unless there is "the affirmative intention of the Congress clearly expressed," the Court must presume ERISA "is primarily concerned with domestic conditions."[42] Therefore, the motion to remand will be granted based on lack of subject matter jurisdiction.[43]

## III. CONCLUSION

For the reasons discussed, Plaintiff's Motion to Remand will be granted, and Defendant's Motion to Dismiss is moot.

An order follows.

---

[41] 29 U.S.C. § 1003(a)(1) (providing that ERISA pertains to "any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce"). Bajrami's job for AECOM did not regard engaging in commerce in the United States, since he was driving heavy trucks and forklifts in Afghanistan, rather than providing any kind of transportation through, or within, the United States. Compl. ¶ 6.

[42] *ARAMCO*, 499 U.S. at 248 (citations omitted); *Morrison*, 561 U.S. at 255 ("When a statute gives no clear indication of an extraterritorial application, it has none.").

[43] Reliance Standard also failed to invoke diversity jurisdiction for purposes of subject matter jurisdiction. 28 U.S. U.S.C. § 1332 provides that federal courts have original jurisdiction over "all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S. U.S.C. § 1332(a). In this case, there is no dispute that Bajrami is a citizen of the Republic of Kosovo, and Reliance Standard is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania. Compl. ¶¶ 1, 2. However, neither the Complaint nor the Notice of Removal expressly provides whether the amount in controversy exceeds $75,000. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself. . . ."); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

The burden of establishing the amount in controversy usually rests on the defendant. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222 (3d Cir. 1999) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (noting that removal provisions should be strictly construed against removal, where all doubts should be resolved in favor of remand). Thus, since Reliance Standard's Notice of Removal failed to include any plausible allegation as to the amount in controversy which exceeds the jurisdictional threshold, and because the Complaint does not effectively provide any specified amount, diversity jurisdiction has not been established.